# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| FOAM SUPPLIES, INC., ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | |
| AIG PROPERTY CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF REMOVAL

**COMES NOW** Defendant AIG Property Casualty Company, through counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Federal Rule of Civil Procedure 81, and Eastern District Local Rule 2.03, and hereby removes the state court action described below to the United States District Court for the Eastern District of Missouri, Eastern Division. As grounds for removal, Defendant states:

1.  Defendant AIG Property Casualty Company is named as a defendant in a civil action brought against it in the Circuit Court of St. Louis County, Missouri, captioned *Foam Supplies, Inc. v. AIG Property Casualty Company,* Case No.: 25SL-CC15232, filed on December 31, 2025.

2.  Plaintiff asserts causes of action for "Declaratory Judgment" (Count I), "Breach of Contract" (Count II), and "Vexatious Refusal to Pay" (Count III), all claims relating to a Policy of Insurance (the "Policy") issued by Defendant to Plaintiff.

1

3.      Plaintiff served its Petition on Defendant's registered agent on January 23, 2026.

4.      This Notice of Removal is timely filed with this Court within thirty (30) days after service of the Petition on Defendant's registered agent and Plaintiff's action was commenced less than one year ago.

5.      A copy of the Petition is attached hereto as **Exhibit 1**.  A printout of the Circuit Court of St. Louis County's "Docket Sheet" is attached as **Exhibit 2**.  All "process, pleadings, orders and other documents" on file in the Circuit Court are attached in **Exhibit 3**.

6.      Plaintiff's claims relate to Defendant's alleged refusal to acknowledge coverage or accept Plaintiff's defense of an underlying wrongful death lawsuit arising out of the mesothelioma and death of Plaintiff's former employee, Timothy T. Kalinowski.  (*See* Petition attached as Ex. 1).

7.      Plaintiff is a Missouri corporation with its principal place of business in Earth City, Missouri such that it is citizen of Missouri.

8.      Defendant AIG Property Casualty Company, as the company issuing the insurance policy at issue, is a company organized and existing under the laws of the State of Illinois and having its principal place of business in New York.  Therefore, pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the States of Illinois and New York for purposes of diversity jurisdiction.

9.      Complete diversity of citizenship exists because Plaintiff and Defendant are citizens of different states. (*See* Petition, attached as Ex. 1).

10.     While Defendant denies Plaintiff's claims and alleged damages and contest the propriety of any award in Plaintiff's favor, Plaintiff prays for a judgment as follows:

  A. Declaring that Defendant owes and has owed a full duty to defend [Plaintiff] in the Underlying Lawsuit since at least August 5, 2024; ordering Defendant to immediately

assume and fund [Plaintiff's] defense prospectively and to reimburse all past defense fees and costs incurred to date; and declaring that Defendant owes indemnity for any covered damages within policy limits and terms;

B. Awarding [Plaintiff] its damages for breach of contract, including all defense fees and costs incurred since tender, together with prejudgment interest at a rate of 9% pursuant to Mo. Rev. Stat. § 408.020;

C. Awarding [Plaintiff] statutory damages and attorneys' fees for Defendant's vexatious refusal to pay pursuant to §§ 375.296 and 375.420, RSMo;

D. Awarding [Plaintiff] its reasonable attorneys' fees and other costs incurred in this action where permitted by other Missouri law;

E. Taxing costs against Defendant;

F. Awarding pre- and post-judgement interest as permitted by Missouri law; and

G. Granting such other and further equitable or other relief as the Court deems just and proper.

(*See* Petition attached as Ex. 1).

11. Plaintiff's allegations (*although expressly denied*) establish, beyond a preponderance of the evidence, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs. In an action to determine its obligation to defend and indemnify under an insurance policy, "the amount in controversy ordinarily equals the probable costs of defense and indemnification of the underlying litigation." *Vict. Auto. Ins. Co. v. Matthew Rider*, No. 1:16-CV-289 SNLJ, 2017 U.S. Dist. LEXIS 29463, at *3 (E.D. Mo. Mar. 2, 2017). Thus, the value of the underlying claim is considered when determining the amount in controversy. *Allied Prop. & Cas. Ins. Co. v. Bartold*, No. 4:16CV01040 AGF, 2016 U.S. Dist. LEXIS 175660, at *4

3

(E.D. Mo. Dec. 20, 2016). In this case, the underlying claim is a mesothelioma wrongful death claim. Multiple Missouri federal courts have found that wrongful death cases are typically worth more than the jurisdictional amount. *See Rodgers v. Wolfe*, No. 4:05CV01600ERW, 2006 U.S. Dist. LEXIS 5505, at *9 (E.D. Mo. Feb. 14, 2006); *see also Consumers Ins. United States, Inc. v. Fleetwood*, No. 12-3113-CV-S-RED, 2012 U.S. Dist. LEXIS 199719, at *4 (W.D. Mo. May 16, 2012). Furthermore, statutory penalties and attorney fees sought under Missouri's vexatious refusal to pay statutes are also considered in the determination of the amount in controversy. *Osia v. Mid-Century Ins. Co./Farmers Ins. Grp.*, No. 4:06-CV-658 CAS, 2006 U.S. Dist. LEXIS 34869, at *3 (E.D. Mo. May 30, 2006).

12. In this case, underlying claim is a mesothelioma wrongful death claim, which in and of itself should be valued in excess of $75,000. Likewise, the policy limit of the Employers Liability Coverage Part under which Plaintiff seeks coverage is $1,000,000. Additionally, Plaintiff seeks reimbursement of its defense costs in defending the underlying mesothelioma wrongful death action since August 5, 2024 – a period of approximately 18 months.[1] Plaintiff also seeks statutory penalties and attorney fees under Missouri statutes, R.S.Mo. Sections 375.296 and 375.420. Accordingly, the nature and extent of the damages alleged by Plaintiff are in excess of $75,000.

13. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has jurisdiction over this matter because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the lawsuit is between citizens of different states. As such, there is jurisdiction for the removal of this action from the State Circuit Court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

---

[1] Plaintiff has previously asserted that its defense costs totaled $64,503.00 through June 30, 2025, so defense costs also probably exceed the $75,000 threshold as of the date of this filing.

14.     By this Notice of Removal, Defendant does not waive any objections it may have as to jurisdiction, venue, or any other defenses or objections that it may have to this action. Defendant intends no admission of facts, law or liability by this Notice, and expressly reserves all defenses and/or motions.

**WHEREFORE**, Defendant hereby gives notice of the removal of this action from the Circuit Court of St. Louis County, Missouri to the United States District Court for the Eastern District of Missouri.

Respectfully submitted,

BAKER STERCHI COWDEN & RICE, LLC

_/s/ Scott D. Hofer_
Scott D. Hofer          #44587
Kevin D. Brooks         #57627
2400 Pershing Road, Ste. 500
Kansas City, MO 64108
816-471-2121 / 816-472-0288 Facsimile
shofer@bakersterchi.com
kbrooks@bakersterchi.com
**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 20, 2026, I electronically filed the foregoing with the Clerk of the District Court by using the CM/ECF/PACER system, which will send notice of electronic filing to counsel of record. I further certify that a copy of the foregoing document was served via email upon the following:

Barry L. Haith
Jonathan R. Waldron
Stinson, LLP
barry.haith@stinson.com
Jonathan.waldron@stinson.com
7700 Forsyth Blvd., Suite 1100
St. Louis, MO 63105

                          /s/ *Scott D. Hofer*
                          *Attorney for Defendant*